IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3259-BO

| | |
|---|---|
| ELIJAH SHANE CLARY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK PERRY, et al., )<br>)<br>Defendants. ) | **ORDER** |

Plaintiff, a former state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court *sua sponte* to address the service of defendant George Blackmon. The matter is also before the court on defendant Dr. Umesi's motion to dismiss (DE 53) pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for clarification (DE 75).

I.

The court begins with the service issue as to defendant George Blackmon. On March 4, 2019, the United States Marshals Service filed a return of service indicating that defendant Blackmon was served by certified mail on February 23, 2019 (DE 48). Attached to the return of service was a USPS tracking receipt showing the summons and complaint was "Delivered, Neighbor as Requested." The green card was also attached, but the signature and date lines were left blank. Federal Rule of Civil Procedure 4(e)(1) provides in pertinent part: "An individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See Fed. R. Civ. P. 4(e)(1). North Carolina law provides for service by certified mail: "By mailing a copy of the summons and of the complaint, registered or certified mail, return

receipt requested, addressed to the party to be served, and delivering to the addressee." See N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). No evidence in the record suggests defendant Blackmon was properly served with the summons and complaint by certified mail under North Carolina law and the Federal Rules of Civil Procedure. In an abundance of caution, the court DIRECTS the United States Marshals Service to re-serve defendant Blackmon by personal service pursuant to 28 U.S.C. § 1915(d) at the address provided under seal by the Attorney General of North Carolina (DE 41).

II.

The court next addresses defendant Umesi's motion to dismiss. On December 7, 2017, plaintiff filed an amended complaint asserting defendant Umesi acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Specifically, plaintiff alleged: "Doctor Umesi was the physician assigned to Clary who declared there was nothing medically wrong with Clary several times, though when Clary asked to see a different provider, she found Clary to have a severe Urinary Tract Infection (UTI). Dr. Umesi never performed any exam or test to arrive at his diagnosis. Clary was in pain for months before receiving treatment for the UTI." (Am. Compl. p. 14). Defendant Umesi subsequently moved to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted.[1] Plaintiff filed a response in opposition. Defendant Umesi replied.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

[1] Defendant Umesi also moved to dismiss for failure to state a claim for medical malpractice under North Carolina law. In plaintiff's response, he stated "I have not stated any claim for medical malpractice under NC law." (DE 72, p. 9). Thus, the court DENIES AS MOOT defendant Umesi's motion to dismiss as to any state law claims for medical malpractice. Defendant Umesi also moved to dismiss based on qualified immunity. The court reserves the issue of qualified immunity.

2

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [plaintiff]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Here, plaintiff alleged that defendant Umesi, a doctor, declared there was nothing medically wrong with him, without performing any examinations or tests, even though plaintiff was in pain for months before receiving treatment for a severe urinary tract infection. Liberally construing plaintiff's allegations, as the court must at this stage in the proceedings, the court finds that plaintiff states an Eighth Amendment claim against defendant Umesi. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."); Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (finding that a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care."); Webb v. Hamidullah, 281 F. App'x 159, 166–67 & n.13 (4th Cir. 2008) (per curiam) (unpublished) (collecting cases) (for delays in medical treatment to violate a prisoner's Eighth Amendment rights, the delay must "result[] in some substantial harm to the patient."); Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018) (per curiam) (unpublished) ("[M]arked exacerbations of the prisoner's

3

medical condition or frequent complaints of severe pain" could show substantial harm to the prisoner.). Thus, defendant Umesi's motion to dismiss is DENIED.

III.

In sum, the court DIRECTS the United States Marshals Service to re-serve defendant Blackmon by personal service pursuant to 28 U.S.C. § 1915(d) at the address provided under seal by the Attorney General of North Carolina (DE 41). The court DENIES defendant Umesi's motion to dismiss plaintiff's claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment (DE 53). The motion is DENIED AS MOOT as to any state law claims for medical malpractice. The court reserves the issue of qualified immunity for another day. The court GRANTS defendant Umesi's motion for clarification (DE 75). Defendant Umesi shall have 30 days after the court's entry of this order to file any further dispositive motions.

SO ORDERED, this the 12 day of November, 2019.

TERRENCE W. BOYLE
Chief United States District Judge